## 21136

Gary McArthur LAND, Appellant, v. STATE of South Carolina, Respondent.

(262 S. E. (2d) 735)

*H. F. Partee* and *Martha A. Miller, Asst. Public Defenders,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Emmet H. Clair* and *Staff Atty. B. J. Willoughby,* Columbia, *for respondent.*

January 28, 1980.

LITTLEJOHN, Justice:

Gary Land appeals from the summary dismissal of his second application for postconviction relief, asserting that the court erred in finding, without a hearing, that his petition is barred as successive. We affirm.

Land was convicted of armed robbery and three counts of assault and battery with intent to kill in February of 1976. Upon appeal, his conviction was affirmed by this court in February of 1977 (memorandum opinion 77-12). In June of that year he filed his first application for postconviction relief, alleging only that his sentences were indefinite and vague by their terms, and averring that the petition included. ". . . every ground known to me for vacating, setting aside or correcting the conviction and sentences attacked in this application; . . . ."

A hearing was held in March of 1978, at which time the judge granted relief in the form of a clarification of the sentences.

In August of 1978, Land filed a second application for postconviction relief, setting forth allegations which had not been included in either the appeal on its merits or his first application for postconviction relief. To this second application, the State filed its return, and moved to summarily dismiss the complaint on the ground that it was successive in nature and barred under § 17-27-90, *Code of Laws of South Carolina* (1976), and under Rule 3 of this court, governing Uniform Post Conviction Procedures. Both the statute and the court rule are designed to require an applicant to include all of his grounds for relief in one action.

In response to the State's return, Land filed supplemental allegations and a reply to the State's motion. He claimed that, both at trial and on appeal, and during his first post-conviction proceeding, he was denied effective assistance of counsel. He blames his failure to include the new allegations in his postconviction relief action on his attorney. The judge granted the State's motion to dismiss, without a hearing, because of Land's failure to point out in his pleadings sufficient reason for failing to raise the issues in the first action.

Section 17-27-90 provides as follows:

"Grounds for relief.

All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application."

Pursuant to § 17-27-110, this court adopted rules designed to aid in the postconviction process. Rule 3 states:

"Under Section 8 of the Act [§ 17-27-90 of the Code of Laws of South Carolina, 1976], successive applications for relief are not to be entertained, and the burden shall be on the applicant to establish that any new ground raised in a subsequent application could not have been raised by him in the previous application."

Rule 3 places on the applicant the burden of proving that a new ground for relief could not have been raised in the previous application. The clear purpose of the above statute and rule is to make the postconviction process orderly and manageable. The purpose of the rule is reinforced by Rule

5, which places upon counsel ". . . the duty to ascertain from the applicant whether he has included all grounds known to the applicant as a basis for attacking the judgment and sentence and to amend the application to include any claims not already included."

The return of the State, on which the motion for dismissal was based, alleged that the applicant had an opportunity in the previous postconviction relief case to raise additional allegations. Land merely asserts that his counsel was inadequate and does not assert facts, as contrasted with conclusions, which would make issues for determination by the court. His broad allegations fail to meet the burden imposed upon him.

While a second application is not absolutely barred, we would point out for the guidance of the bar and of potential applicants that successive applications will not be looked upon with favor unless there is ample reason for permitting a person under sentence to litigate again. This is particularly true where this court has reviewed the action of the lower court by way of a direct appeal and found the appeal to be without merit.

Reference is made to our opinion in *Anderson v. Leeke,* 271 S. C. 435, 248 S. E. (2d) 120 (1978), wherein we discussed the desirability that judgments reach finality at some point.

Affirmed.

LEWIS, C. J., NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.