## 21376

Myron FOXWORTH and Gary W. Wilson, Appellants, v. STATE of South Carolina et al., Respondents.

(274 S. E. (2d) 415)

*Robert L. Hallman,* Columbia, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondents.*

January 15, 1981.

HARWELL, Justice:

Myron Foxworth and Gary W. Wilson appeal the decision of the trial judge which denied their application for post-conviction relief. We affirm.

The appellants were convicted of armed robbery and sentenced to twenty-two years imprisonment. Following the convictions, they filed appeals with this Court but their convictions were affirmed and their appeals dismissed. *State v. Foxworth,* Memorandum Opinion 77-123, filed December 6, 1977. The appellants then elected to file *pro se* petitions for *habeas corpus* relief in the South Carolina Federal District Court. The District Court in its discretion did not require of the appellants a prior exhaustion of available State remedies. See, 28 U. S. C. § 2254(b). The trial record and the numerous allegations raised in the petitions were considered by the District Court and dismissed on the merits. *Wilson v. Harvey,* C. A. No. 78-256 and *Foxworth v. Harvey,* C. A. No. 78-527, Order filed August 4, 1978.

Having failed to secure federal relief, the appellants then applied for post-conviction relief pursuant to the Uniform Post-Conviction Procedure Act, §§ 17-27-10 *et seq.,* Code of Laws of South Carolina (1976). The post-conviction hearing judge addressed each allegation on the merits and

found each to be without merit. Since the record before us contains ample evidence to support the findings of the lower court, we would affirm on this ground alone. *Ross v. State,* 250 S. C. 442, 158 S. E. (2d) 647 (1967); *Clark v. State,* 259 S. C. 378, 192 S. E. (2d) 209 (1972).

The court below also concluded, however, that the claims raised and those that could have been raised in the prior federal *habeas corpus* proceeding were barred under the doctrine of *res judicata.* We agree, applying the Uniform Act.

Section 17-27-90 of the Uniform Act provides as follows:

"All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence *or in any other proceeding the applicant has taken to secure relief,* may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application." [Emphasis added.]

This Court adopted rules pursuant to § 17-27-110 designed to effectuate the purposes of the Uniform Act. Of these, Rule 3 states in part: ". . . successive applications for relief are not to be entertained, and the burden shall be on the applicant to establish that any new ground could not have been raised by him in the previous application."

We have held that successive applications for post-conviction relief in the State courts, while not absolutely barred, are not looked favorably upon unless ample reason exists for a person under sentence to litigate again. *Land v. State,* S. C., 262 S. E. (2d) 735 (1980). "This is particularly true where this court has reviewed the action of the lower court by way of a direct appeal and found

the appeal to be without merit." *Land v. State, supra,* 262 S. E. (2d) 735 at 737.

The language of Section 17-27-90 is not restricted to State proceedings but rather refers to "any other proceeding" where relief might be sought prior to the submission of a subsequent application. We, therefore, extend the reasoning espoused in Land v. State, *supra,* to the situation where, as here, an application in the State court follows a federal *habeas corpus* adjudication. The burden is on the applicant to prove that the alleged grounds for relief could not have been raised in federal court. The appellants made no such showing here. The application was properly denied. See, *Commonwealth v. Bennett,* 472 Pa. 314, 372 A. (2d) 713 (1977); *State v. Olguin,* 78 N. M. 661, 437 P. (2d) 122 (1968).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.