## 22795

Eugene CARTER, Petitioner v. STATE of South Carolina, Respondent.

(362 S. E. (2d) 20)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey* of Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for respondent.*

Submitted Sept. 24, 1987.

Decided Nov. 9, 1987.

CHANDLER, Justice:

Certiorari was granted in this post-conviction relief case to consider whether petitioner's second post-conviction application was properly dismissed on the ground of successiveness. We reverse and remand for a hearing on the merits.

At his August 4, 1982, murder trial, petitioner (Carter), represented by retained counsel, did not testify. Carter was convicted of murder and sentenced to life imprisonment. He did not appeal his conviction.

In February 1984, Carter filed an application for post-conviction relief and was represented by the same attorney who had represented him at trial. At the hearing he claimed that his decision not to testify at trial was made unintelligently due to his suffering from amnesia. No claim of ineffective assistance of counsel was made. Post-conviction relief was denied.

On August 18, 1986, Carter filed a second application on the ground of ineffective assistance of counsel. Specifically, he claimed that his attorney had failed to adequately advise him of the right to appeal his conviction. In its return, the State moved to dismiss the application on the ground of successiveness.

When the post-conviction court entered a conditional order dismissing the second application as successive, Carter filed a reply requesting a hearing. He contended that the issue of ineffective assistance of counsel could not have been raised earlier because his trial counsel was also his counsel on his first application. A final order of dismissal was entered and Carter appealed.

Generally, successive applications for post-conviction relief are viewed with disfavor and the applicant has the burden of showing that a new ground for relief could not have been raised in a previous application. *Foxworth v. State*, 275 S. C. 615, 274 S. E. (2d) 415 (1981); *Land v. State*, 274 S. C. 243, 262 S. E. (2d) 735 (1980). If the applicant meets this burden, a hearing must be afforded despite the successiveness of the application. *Case v. State*, 277 S. C. 474, 289 S. E. (2d) 413 (1982).

When an applicant is represented on post-conviction relief by his trial counsel, there is no waiver of the issue of ineffective assistance of counsel. *See Commonwealth v. Via*, 455 Pa. 373, 316 A. (2d) 895 (1974). Absent a showing that the applicant was specifically advised of the hazards of being represented by trial counsel at the post-conviction hearing and that the applicant consented to such an arrangement, a successive post-conviction application, alleging ineffective assistance of trial counsel, should not be barred.

There is no evidence in the record that Carter was aware of the hazards of proceeding on his first post-conviction application while represented by his trial attorney. He is therefore entitled to a hearing on the second application which alleges ineffective assistance of trial counsel.

Hereafter, when applicants appearing at hearings on post-conviction relief are represented by their trial counsel, the court shall examine the applicant concerning the waiver of the issue of ineffective assistance of counsel.

The court shall advise the applicant that the dual representation will result in the waiver of any claim of ineffective assistance of counsel. The applicant shall then state on the record whether he wishes to proceed, thereby waiving the issue.

The order dismissing Carter's post-conviction application is reversed and the case is remanded for a hearing on the merits.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.