23476

Michael AICE, Petitioner v. STATE of South Carolina, Respondent.
(409 S.E. (2d) 392)

Supreme Court

*Tara Dawn Shurling, of South Carolina Office of Appellate Defense, Columbia, for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka and Asst. Atty. Gen. Miller W. Shealy, Jr., Columbia, for respondent.*

Heard Oct. 5, 1990.

Decided Sept. 9, 1991.

Toal, Justice:

The sole issue we address in this appeal is whether a convict may maintain a successive application for post-conviction relief (PCR) on the ground that his first complete PCR application was insufficient due to ineffective PCR counsel. We hold that a successive application is not allowed on this basis, and we therefore affirm the judgment of the lower court.

## FACTS

Michael Aice was convicted of two murders in a drive-by shooting incident in Columbia occurring at night on July 5, 1980. He received two consecutive life sentences for these crimes. Aice's direct appeal was affirmed pursuant to Supreme Court Rule 23 by this Court in 1982. Aice next petitioned the United States Supreme Court for *certiorari,* which was denied.

Aice filed his first application for PCR in 1983, alleging several grounds for relief. Following a hearing, Aice's application was denied in 1985. Aice petitioned this Court for *certiorari* to review the decision of the PCR judge. In his petition to this Court, Aice argued three additional grounds for post-conviction relief. The State asserted that the additional grounds raised by Aice were procedurally barred, since they had not been raised before the lower PCR court. The State also contended that this Court should decline to overturn the PCR court on those grounds concededly properly raised by Aice. We denied Aice's petition for *certiorari* in 1986.

Aice next attempted to obtain *habeas corpus* relief in federal court, but was unsuccessful. Subsequently, Aice filed a second, and therefore successive, application for PCR, raising the same three additional issues not raised in his first PCR application before the first PCR lower court. These grounds were raised under the rubric of the alleged ineffectiveness of the first PCR trial counsel in failing to raise these issues. The second PCR court summarily dismissed the application on procedural grounds, as impermissibly successive. Aice petitioned this Court for *certiorari* to review this latest ruling, and we agreed to review the decision.

## LAW/ANALYSIS

Aice argues that he should be allowed to file a second application for PCR because: (1) he has three arguments of great merit rendering his conviction fundamentally unfair; and (2) his counsel in his first PCR application was ineffective in failing to make those arguments. As an initial matter, we disagree that any of the three grounds for relief argued by Aice have merit. However, we need not have even reviewed Aice's asserted grounds since we agree with the lower court that Aice's successive PCR application should be summarily dismissed on procedural grounds.

South Carolina Code Ann. § 17-27-90 provides:

> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for *sufficient reason* was not asserted or was inadequately raised in the original, supplemental or amended application.

(emphasis added). This statute forbids a successive PCR application unless an applicant can point to a "sufficient reason" why the new grounds for relief he asserts were not raised, or were not raised properly. We are aware that some jurisdictions have interpreted the words "sufficient reason" in a way favorable to Aice. We decline to follow such an interpretation.

> This Court has by promulgation of rule interpreted § 17-27-90 and the phrase "sufficient reason" very narrowly. Supreme Court Rule 50(3) states:

> Under Section 8 of the Act, successive applications for relief are not to be entertained, and the burden shall be on the applicant to establish that any new ground raised in a subsequent application *could not have been raised* by him in the previous application.

(emphasis added). Therefore, as long as it was possible to raise the argument in his first PCR application, an applicant may not raise it in a successive application. Clearly, the arguments Aice seeks to advance in his second PCR could have been raised in his first application. This being so, this Court need look no further. We will not engage in an exploration of why the grounds were not raised, it is sufficient that they could have been raised, but were not.

We have explicitly held that Rule 50(3), as well as the other Supreme Court rules dealing with PCR, was "designed to effectuate the purposes of the Uniform (PCR) Act." *Foxworth v. State,* 275 S.C. 615, 617, 274 S.E. (2d) 415, 416 (1981). We have also stated our general reluctance to consider successive PCR

applications. *See, e.g., Carter v. State,* 293 S.C. 528, 362 S.E. (2d) 20 (1987); *Land v. State,* 274 S.C. 243, 262 S.E. (2d) 735 (1980).

As with most broad rules, there have been exceptions. *See, e.g., Case v. State,* 277 S.C. 474, 289 S.E. (2d) 413 (1982) ("unique" combination of facts warranted allowing successive application).[1] However, Aice asks this Court here to carve out an exception that well may swallow Rule 50(3). It is a troubling prospect indeed to us that the number of successive PCR applications to be entertained by our judicial system in a given case be limited only by the imagination and creativity of skilled attorneys. As long as a given convict's counsel could craft new arguments not raised by prior PCR counsel, a successive application could be heard, under Aice's view. Aice protests that only those new arguments of true merit would be advanced in successive applications and that hence our fears are unfounded. Yet, the very arguments Aice advances lack merit and demonstrate that our fears are real.

Finality must be realized at some point in order to achieve a semblance of effectiveness in dispensing justice. At some juncture judicial review must stop, with only the very rarest of exceptions, when the system has simply failed a defendant and where to continue the defendant's imprisonment without review would amount to a gross miscarriage of justice. *See Butler v. State,* 397 S.E. (2d) 87 (S.C. 1990). We can envision successive PCR applications filed for the purpose of delaying a just execution in a capital case, as well as other abuses of the reviewing system Aice urges that we establish. For these reasons, we hold the contention that prior PCR counsel was ineffective is not *per se* a "sufficient reason" allowing for a successive PCR application under § 17-27-90. This Court has implied such a holding in the past. *See Land v. State,* 274 S.C. 243, 262 S.E. (2d) 735 (1980) (applicant pointed to his attorney's "inadequate" performance; held not a "sufficient reason" warranting a successive application).

Finally, in conjunction with our submittal of this decision, we have handed down an amended version of our recent deci-

---

[1] Among the "facts" in *Case* was that Case had no attorney in his first PCR application. Hence, it is highly doubtful whether, in point of fact, Case "could have" raised the appropriate arguments.

sion in *Austin v. State*, Op. No. 23256 (S.C. Sup. Ct. filed Aug. 27, 1990) (Davis Adv. Sh. No. 18 at 8). *See Austin v. State*, 409 S.E. (2d) 395 (S.C. 1991). Aice seeks to rely on *Austin* for support. We hold that *Austin* is limited to its particular factual situation, and that the holding in *Austin* is consistent with our holding here, and does not benefit Aice.

In *Austin* the petitioner expressed his desire to seek review of the denial of his PCR application pursuant to his state law rights as set forth in S.C. Code Ann. § 17-27-100 and in Supreme Court Rule 50(9). Supreme Court Rule 50(6) expressly provides for the appointment of counsel to an indigent to seek appellate review of a denial of PCR. Austin's counsel failed to timely seek review. This Court is not empowered to expand its jurisdiction and grant Austin additional time to petition for review. Hence, merely as a method of enforcing Rule 50(6), and of enforcing Austin's entitlement to a PCR proceeding, complete with a petition for *certiorari* to this Court, we held that Austin could attack his PCR counsel as ineffective.

We have held that the PCR rules "contemplate an adjudication on the merits of the original petition, one bite at the apple as it were." *Gamble v. State*, 298 S.C. 176, 178, 379 S.E. (2d) 118, 119 (1989). This phrase aptly delineates the distinction between the *Austin* and *Aice* cases. Austin never received a full "bite" at the apple, as he was prevented from seeking any review of the denial of his PCR application. We therefore provided him with a remedy in order to effectuate the purposes of the Uniform Act and of the PCR rules. Conversely, Aice seeks to have more than one procedural "bite" at the apple. Aice has filed an original PCR application, and has been allowed to seek review of the ruling against him. We refuse to grant his request for a second chance, and again we do so in order to effectuate the purposes of the Act and rules.[2] While Austin could rely on Rule 50(6) for support of his claim, Aice's request directly conflicts with the language of Rule 50(3). Hence, *Austin* stands harmonized with the instant case.

Accordingly, the judgment of the lower court is

---

[2] We note that we are not depriving Aice of any procedural entitlements whatsoever. The United States Supreme Court has held that there is no constitutional right to counsel in PCR proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. (2d) 539 (1987).

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.