**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MELVIN BO NEWMAN,
Petitioner-Appellant,

v.

ROBERT H. MAUNEY, Warden;

No. 95-7579

T. TRAVIS MEDLOCK, Attorney
General of the State of South
Carolina,
Respondents-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CA-94-2230-0-OBD)

Submitted: February 27, 1996

Decided: April 3, 1996

Before WILKINS and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Melvin Bo Newman, Appellant Pro Se. Donald John Zelenka, Chief
Deputy Attorney General, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (1988) petition. Appellant raised five claims in his petition: (1) his guilty plea was neither knowing nor voluntary because he was under the influence of narcotics; (2) his attorney was ineffective because (a) his attorney knew Appellant was under the influence of drugs and therefore unable to understand either the charges or his plea; (b) his attorney failed to investigate a possible Fourth Amendment violation; (3) the sentencing judge did not inform him that he could be required to make restitution; (4) the sentencing judge never stated that he accepted Appellant's guilty plea; and (5) the search of a locked bag in Appellant's car violation his Fourth Amendment rights.

After reviewing of the district court's opinion accepting the recommendation of the magistrate judge and finding no reversible error, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court as to claims (1), (2)(a), (4), and (5). Newman v. Mauney, No. CA-94-2230-0-OBD (D.S.C. Sept. 12, 1995).

Addressing Appellant's remaining claims, we find that he has not established ineffective assistance of counsel for failure to investigate the possible Fourth Amendment violation. At Appellant's post-conviction relief hearing before the state court, the state court found that Appellant's attorney did in fact investigate this possible violation, but determined that it would not provide a viable defense. Because Appellant has not demonstrated one of the eight factors enumerated in 28 U.S.C. § 2254(d), we presume this finding to be correct. Further, neither Appellant nor his post-conviction relief attorney demonstrated that a Fourth Amendment violation ever occurred. Given these facts, we find that Appellant has not met his burden of showing that

2

his attorney's performance fell below the objective standard of rea-sonableness, causing him to make a plea he would otherwise forgo. See Hill v. Lockhart, 474 U.S. 52, 57-59 (1985) (providing ineffective assistance of counsel test for guilty pleas).

Addressing Appellant's remaining claim--that the sentencing judge failed to inform him that he might be subject to an order of restitution--we find that Appellant did not present this issue to the state court in his post-conviction relief application. Were he to present it now, it would be barred by § 17-27-90 of the South Carolina Code. Land v. State, 274 S.C. 243, 246, 262 S.E.2d 735, 737 (1980). Since Appellant has shown no cause for lifting this bar, we dismiss this claim. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3