478 S.E.2d 833

**Daniel Edward WASHINGTON, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 24522.**

Supreme Court of South Carolina.

Submitted April 17, 1996.

Decided Nov. 12, 1996.

Attorney General Charles Molony Condon, Deputy Attorney General J. Emory Smith, Jr., Assistant Attorney General Teresa Nesbitt Cosby and Assistant Attorney General Teresa A. Knox, Columbia, for Petitioner.

Assistant Appellate Defender Lesley M. Coggiola, of South Carolina Office of Appellate Defense, Columbia, for Respondent.

TOAL, Justice:

This Court granted certiorari to review the lower court's grant of Post–Conviction Relief ("PCR") to Daniel Edward Washington. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

Washington was indicted and tried for trafficking in cocaine. He was found guilty and sentenced to twenty-five years imprisonment and fined $200,000. He filed a notice of intent to appeal. This Court dismissed the appeal due to Washington's failure to file an initial brief and designated matter to be included on appeal.

Washington filed an application for PCR on July 15, 1991, raising a number of issues, including one relating to the State's misconduct in connection with a plea agreement. The PCR court, Judge Bristow, issued an order on April 21, 1992, finding that Washington did not waive his right to a direct appeal and should be afforded an opportunity to appeal pursuant to *Davis v. State,* 288 S.C. 290, 342 S.E.2d 60 (1986). As to the State's misconduct, the court found that the State failed to adequately explain to the jury the State's relationship with one of its witnesses. The court's order stated that "this is a matter that can be addressed on direct appeal and does not require a reversal of the jury verdict by this Court."

After the PCR court issued its April 21, 1992 order, Washington petitioned for writ of certiorari, raising three issues: (1) the judge erred by failing to find ineffective assistance of counsel at trial; (2) the judge erred by failing to reverse the conviction based on the State's misconduct; and (3) trial counsel failed to properly perfect Washington's appeal, thereby denying him the opportunity to appeal his conviction. This

Court denied certiorari, in a memorandum opinion, as to issues 1 and 2. We granted certiorari on issue number 3, reasoning that there was sufficient evidence to support the PCR judge's finding that Washington did not knowingly and intelligently waive his right to a direct appeal. The appeal was affirmed pursuant to Rule 220(b)(1), SCACR, and *State v. Williams,* 303 S.C. 410, 401 S.E.2d 168 (1991) (appellate court will not consider issues not raised to or ruled upon by trial judge). The merits of the appeal were not reached.

On July 28, 1993, Washington filed another application for PCR, arguing: (1) ineffective assistance of PCR counsel and (2) error by the PCR judge in ruling that the issue of the State's misconduct could be heard by an appellate court. The matter was again heard by Judge Bristow. At the November 7, 1994 hearing, Washington moved to amend the court's April 21, 1992 order for what "amount[ed] to clerical errors." He argued the court found in the 1991 PCR hearing that in the event the issue of the State's misconduct is not preserved on direct appeal, then Washington would be entitled to a new trial. The court treated the motion as a motion to alter or amend judgment and agreed with Washington. The court amended the April 21, 1992 order to grant Washington a new trial.

The State has petitioned for writ of certiorari, which this Court has granted.

## LAW/ANALYSIS

The Supreme Court must affirm the PCR court's findings if they are supported by any competent evidence of probative value in the record. *Webb v. State,* 281 S.C. 237, 314 S.E.2d 839 (1984). Here, the PCR court found that Washington was entitled to a new trial because of the State's misconduct in failing to fully disclose the nature of its relationship with a witness. The United States Supreme Court in *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) stated that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice; the same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.

Under the present facts, the State allowed to go uncorrected false information about its relationship with one of its witnesses. Although it had entered into a plea agreement with this witness, the State, in its opening argument, told the jury that no such agreement existed. Furthermore, there was testimony that no deal existed between the State and the witness. The PCR court's findings are supported by competent evidence of probative value in the record. Accordingly, the granting of relief is affirmed.

■ The State argues, and the dissent agrees, that Washington is procedurally barred. Although one may reach this result under a hyper-technical analysis, such a conclusion must be rejected in this case, because so many procedural irregularities occurred during the course of Washington's judicial process that he has not received due process. He did not have the benefit of a direct appeal, because his attorney failed to file an appellate brief. Moreover, the first PCR court decided, in effect, that Washington was entitled to a new trial, but allowed the relief to be addressed on direct appeal; however, this Court denied certiorari as to the question. Additionally, the second PCR court granted relief, but did so through an improper procedure, specifically, by amending the first order. Thus, Washington has never received the benefit of a direct review. Even if his application is successive, the unique combination of facts in this case entitle him to the relief granted below. *See Case v. State,* 277 S.C. 474, 289 S.E.2d 413 (1982).

Citing *Aice v. State,* 305 S.C. 448, 409 S.E.2d 392 (1991), the dissent states, "Successive PCR applications are not favored, and the applicant has the burden of proving that the grounds raised in a successive application could not have been raised in a previous application." The "sole issue" addressed in *Aice* was "whether a convict may maintain a successive application for post-conviction relief (PCR) on the ground that his first complete PCR application was insufficient due to ineffective PCR counsel." *Id.* at 448, 409 S.E.2d at 393. We held: "[T]he contention that prior PCR counsel was ineffective is not *per se* a 'sufficient reason' allowing for a successive PCR application under § 17–27–90." *Id.* at 451, 409 S.E.2d at 394. *Aice* also declared:

Finality must be realized at some point in order to achieve a semblance of effectiveness in dispensing justice. At some juncture judicial review must stop, with only the very rarest of exceptions, when the system has simply failed a defendant and where to continue the defendant's imprisonment without review would amount to a gross miscarriage of justice.

*Id.* The present case is one of those rare exceptions.

## CONCLUSION

Based on the foregoing, the PCR court's order granting Washington a new trial is **AFFIRMED.**

FINNEY, C.J., and MOORE and WALLER, JJ., concur.

BURNETT, J., dissenting in separate opinion.

BURNETT, Justice:

I respectfully dissent. Respondent's application for post-conviction relief (PCR) is successive.

In 1991, respondent filed a PCR application. In April 1992, after a hearing, the PCR judge issued an order finding, *inter alia,* the State had failed to adequately explain a plea agreement with one of its witnesses at respondent's trial and, further, respondent had not knowingly and voluntarily waived his right to a direct appeal. The PCR judge concluded, however, that the State's misconduct did not warrant reversal by the PCR court, but could be addressed on direct appeal. Respondent did not file a Rule 59(e), SCRCP, motion to alter or amend the 1992 order.

On respondent's petition for a writ of certiorari, this Court affirmed the denial of PCR, granted respondent a belated review on the issue of the State's misconduct, and affirmed due to respondent's failure to preserve the issue for appellate review at trial. *Washington v. State,* Op. No. 93–MO–151 (S.C.Sup.Ct. filed June 11, 1993).

In July 1993, respondent filed a second PCR application challenging the PCR judge's finding that the State's failure to adequately explain the plea agreement could be raised on

direct appeal. In addition, respondent alleged ineffective assistance of PCR counsel.

In 1994, prior to the hearing on his second PCR application, respondent motioned the PCR judge to correct "clerical errors" in his April 1992 order.[1] He asserted the PCR judge's 1992 order did not conform to his oral ruling at the PCR hearing. The PCR judge granted respondent's motion and issued an order amending his prior PCR order. In this amended order, the PCR judge stated that since the Supreme Court "refused to hear this matter [regarding the plea agreement] on direct [appeal]," respondent was entitled to a new trial. It is from this order that the State sought and was granted a writ of certiorari.

Respondent's second PCR application is successive. *See* S.C.Code Ann. § 17–27–90 (1976) ("[a]ny ground finally adjudicated ... in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application....."). Successive PCR applications are not favored, and the applicant has the burden of proving that the grounds raised in a successive application could not have been raised in a previous application. *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991). Successive applications have been permitted in cases involving unique factual circumstances. *Cf. Carter v. State*, 293 S.C. 528, 362 S.E.2d 20 (1987) (a successive application raising the issue of ineffective assistance of trial counsel was permitted where trial counsel had represented the applicant in the first PCR matter); *Case v. State*, 277 S.C. 474, 289 S.E.2d 413 (1982) (where applicant's first PCR application was filed without benefit of counsel and was dismissed without a hearing, his second application warranted a hearing despite its successiveness). The facts of the matter *sub judice* do not warrant review of respondent's successive PCR application. I would reverse.

---

1. Both of respondent's PCR applications were heard by the same PCR judge.