UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIE RAY INGRAM,
Petitioner-Appellant,

v.

STATE OF SOUTH CAROLINA; CHARLES
MOLONY CONDON; COLIE L.
RUSHTON,
Respondents-Appellees.

No. 97-7557

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-96-2554-3-10BC)

Submitted: June 30, 1998

Decided: October 16, 1998

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Willie Ray Ingram, Appellant Pro Se. Donald John Zelenka, Chief
Deputy Attorney General, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Ingram appeals from a district court order dismissing without prejudice his action seeking habeas corpus relief under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). The district court found that, despite having waited for over three and one-half years for a ruling on his state application for postconviction relief, Ingram could not seek review of his claims in federal court because they had not been exhausted in state court. The court found that Ingram's state remedy was not ineffective because he never sought mandamus relief from the South Carolina Supreme Court, which could have directed some form of action to remedy the inordinate delay in Ingram's case.

Where, however, a habeas petitioner fails to exhaust his state remedies and the state court would now find his claims procedurally barred if he tried to do so, further exhaustion is not required. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). But, under such circumstances, federal habeas review is barred unless the petitioner can establish cause for his default and actual prejudice. See Teague v. Lane, 489 U.S. 288, 297-98 (1989). We conclude that the posture of this case precludes Ingram's return to state court.

First, prior to the district court's decision, the state court, at Ingram's request, voluntarily dismissed with prejudice his second post-conviction relief application. Clearly, this constituted a procedural default. Second, Ingram would be barred under South Carolina law from presenting claims that could have been, but were not, presented in his first state post-conviction relief application, absent a sufficient reason for the failure. See S.C. Code Ann. § 17-27-90 (Law. Co-op 1985); Aice v. State, 409 S.E.2d 392, 393-94 (S.C. 1991). Based on the nature of Ingram's federal claims it appears that they could have been raised at the time of his first state application. If Ingram cannot establish cause for his failure to raise his federal claims in his first state application, the district court may conclude that Ingram's claims would be procedurally defaulted in state court and that federal habeas review is barred. If he can establish good cause, the court may conclude that the South Carolina courts would

2

not find the claims procedurally barred based on Ingram's failure to raise them in his first application. Federal habeas review will then be appropriate if Ingram can make all other pertinent showings of cause and prejudice.*

Ingram's motion to add Colie Rushton, Warden of McCormick Correctional Institution, as a party Respondent, is granted, although we find that Ingram's transfer to McCormick during the pendency of this proceeding constituted no prejudicial violation, if any, of Federal Rule of Appellate Procedure 23(a).

Accordingly, we vacate the order of the district court and remand for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>

_____

*We note that Ingram asserted below that his voluntary dismissal was necessitated by the state court's inordinate delay. In rejecting this contention, the district court found that Ingram could have avoided the delay by seeking mandamus relief. If the district court revisits this issue on remand, we note that it should discuss Ingram's allegations that he twice sought mandamus relief to no avail.

3