**Gregory L. HUGHES, Petitioner,**

v.

**State of SOUTH CAROLINA, Henry McMaster, Attorney General of the State of South Carolina, Respondents.**

**Civil Action No. 0:05–2796–PMD–BM.**

United States District Court,
D. South Carolina.

July 6, 2006.

Gregory L. Hughes, Bennettsville, SC, pro se.

Donald John Zelenka, Samuel Creighton Waters, SC Attorney General's Office, Columbia, SC, for Respondents.

## ORDER

DUFFY, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that summary judgment be entered against Gregory L. Hughes. The record contains a Report and Recommendation of the United States Magistrate Judge ("R & R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A petitioner may object, in writing, to a R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On June 7, 2006, Hughes filed timely objections to the R & R.

### I. BACKGROUND

In September of 2001, the Bamberg County Grand Jury indicted Petitioner for his second offense of possession of crack cocaine with intent to distribute. Joshua Koger represented the Petitioner at the trial level and despite notice, Petitioner did not show up for his trial. On December 20, 2001, Petitioner was tried and convicted *in absentia* in the Bamberg County Court of General Sessions. Petitioner was sentenced to 15 years confinement and did not appeal from his conviction and sentence.

On October 1, 2002, petitioner filed an application for post-conviction relief (APCR) in state court alleging (1) ineffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution, and (2) the trial court lacked subject matter jurisdiction. *Hughes v. State of South Carolina*, 02–CP–05–0165. The State filed a Return and Motion to Dismiss on March 10, 2003 and the Petitioner filed an amended Application on August 27, 2003, raising the following additional issue:

The applicants indictment for possession with the intent to distribute crack cocaine does not satisfy notice requirement for indictments according to South Carolina Constitution and statutes, therefore the trial court lacked subject matter jurisdiction.

A hearing in Petitioner's APCR action was held in state court on October 28, 2003. Petitioner only proceeded on the legal issue of whether his indictment failed to provide subject matter jurisdiction as it lacked an essential *mens rea* element. (R.p. 103). The PCR judge ruled in favor of Petitioner at the hearing, and on November 20, 2003, the PCR judge filed a written order vacating Petitioner's conviction and sentence based on lack of subject matter jurisdiction.

The State filed a petition for writ of certiorari on July 20, 2004. On August 29, 2005, the South Carolina Supreme Court issued an opinion in which it granted certiorari, reversed the PCR judge's order, and reinstated Petitioner's convictions. *Hughes v. State*, Memo Op.No.2005–MO– 042 (S.C. August 29, 2005). The Remittitur was issued on September 14, 2005.

On September 27, 2005, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2254. Petitioner alleges that he is entitled to relief based on the following claim:

Counsel was ineffective for failing to point out the defects in the indictment because it omitted an essential elements (sic) and did not refer to a definitional statute indictment for possession of cocaine [and] the lower [court] was without jurisdict (sic) to enter a conviction.

## II. *STANDARD OF REVIEW*

### A. Summary Judgment

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir.1990).

### B. Magistrate Judge's R & R

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b)(1). A review of the entire record, including Petitioner's objections, indicates that the R & R accurately summarizes this case and the applicable law pertinent to the issues before the court. Accordingly, the R & R is adopted in whole and incorporated into this Order.

## III. *DISCUSSION*

As the Magistrate Judge correctly concluded, until the Plaintiff has exhausted his administrative remedies or has established a viable exception to the exhaustion requirement, this court may not adjudicate his claims. *See* 28 U.S.C. 2254(b); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daniels v. Lee*, 316 F.3d 477, 485 (4th Cir. 2003). To satisfy the exhaustion requirement, "a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim

has been exhausted lies with the petitioner." *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997). The Magistrate Judge, in his R & R, found that because Petitioner did not present the issue of ineffective assistance of counsel at his PCR hearing, he has not exhausted his administrative remedies and this court may not adjudicate this claim. Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted.

In his objection to the R & R, the Petitioner argues that he *did* raise the issue of ineffective assistance of counsel at the PCR hearing and in the application for PCR. Petitioner also claims that the issue was raised in the state appeal to the South Carolina Supreme Court.[1] Although Petitioner's original PCR *petition* did allege "[i]neffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution," the record shows that Petitioner did not pursue this claim at the PCR hearing, nor did he pursue any such claim in his PCR appeal. In South Carolina, Petitioner's failure to pursue the remaining claims at the PCR hearing constitutes abandonment of the claims, and the claims are thereafter procedurally barred. S.C.Code Ann. § 17–27–80; *see Plyler v. State,* 309 S.C. 408, 424 S.E.2d 477 (1992) (finding an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court procedurally barred). Accordingly, as the R & R correctly concluded, this court is procedurally barred from considering the Petitioner's claim of ineffective assistance of counsel.

■ In his next objection to the R & R, Petitioner cites *Smith v. Dixon,* 14 F.3d 956, 969 (4th Cir.1994), which states, "ineffective assistance of counsel claims are

properly presented in habeas petition even if not raised on direct appeal." In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See Blakeley v. Rabon,* 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for PCR relief. *See* S.C.Code Ann. § 17–27–10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. *See* S.C.Code Ann. § 17–27–90. While it is true that ineffective assistance of counsel claims do not have to be raised on direct appeal, Petitioner's objection is without merit. Petitioner's ineffective assistance of counsel claim was neither raised on direct appeal nor in the PCR hearing, and therefore has not been exhausted.

■ When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *See Patterson v. Leeke,* 556 F.2d 1168 (4th Cir.1977); *Richardson v. Turner,* 716 F.2d 1059 (4th Cir.1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

---

1. This claim is refuted by the record, which indicates that the ineffective assistance of counsel claim was raised only in the original PCR petition.

## IV. CONCLUSION

It is therefore,

**ORDERED,** for the foregoing reasons, that Respondents' motion for summary judgment is **GRANTED** and that Petitioner's 28 U.S.C. § 2254 petition is **DENIED.**

**AND IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

MARCHANT, United States Magistrate Judge.

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The *pro se* petition was filed on September 26, 2005.[1]

The Respondents filed a return and motion for summary judgment on December 5, 2005. As the Petitioner is proceeding *pro se*, a *Roseboro* order was filed on December 6, 2005, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner filed a brief in opposition to the Respondents' motion on January 13, 2006. This matter is now before the Court for disposition.[2]

### Procedural History

Petitioner was indicted in September 2001 in Bamberg County for second offense possession of crack cocaine with intent to distribute ("PWID crack") [Indictment No. 01–GS–05–0161]. (R.pp. 123–124). Petitioner was represented by Joshua Koger, Esquire. Despite notice, Petitioner did not show up for his trial, and he was tried *in absentia* on December 20, 2001 before a jury and found guilty as charged. (R.pp. 1–91). The trial judge issued a sealed sentence. After Petitioner was apprehended, the sealed sentence was read to the Petitioner, wherein he was sentenced to fifteen (15) years in prison. (R.p. 125). Petitioner did not appeal his conviction or sentence.

On October 1, 1997, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 93–97). *Hughes v. State of South Carolina,* 02–CP–05–0165. Petitioner raised the following issues in his APCR:

1. Ineffective assistance of counsel; subject matter of jurisdiction. I were tried in my absence.

2. Ineffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution.

(R.p. 94).

Petitioner filed an amended Application on August 27, 2003, raising the following additional issue:

That applicants indictment for possession with the intent to distribute crack cocaine does not satisfy notice requirements for indictments according to South Carolina Constitution and statutes, therefore the trial court lacked subject matter jurisdiction.

*See* Amendment (filed as an Attachment to the record).

Petitioner was represented by Daniel W. Luginbill, Esquire, and a hearing was held on Petitioner's application on October 28,

---

1. Filing date under *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

2. This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2003. (R.pp. 102–115). Petitioner only proceeded on the legal issue of whether his indictment failed to provide subject matter jurisdiction as it lacked an essential *mens rea* element. (R.p. 103). The PCR judge ruled orally in favor of Petitioner at the hearing, and on November 20, 2003, the PCR judge filed a written order vacating Petitioner's conviction and sentence based on lack of subject matter jurisdiction. (R.pp. 114, 116–118).

The State filed a notice of appeal with the South Carolina Supreme Court, and on July 20, 2004, the State filed a Petition for Writ of Certiorari raising the following issue:

> Did the PCR court err in concluding that the circuit court lacked subject matter jurisdiction when the indictment alleged the essential elements of the offense?

*See* Petition, p. 1.

Assistant Appellate Defender Aileen P. Clare of the South Carolina Office of Appellate Defense was appointed to represent Petitioner in the PCR appeal, and on October 4, 2004, she filed a Return to the Petition in which she raised the following issue:

> Did the lower court correctly rule that respondent's indictment for possession of cocaine did not confer subject-matter jurisdiction because it omitted an essential element and did not refer to a definitional statute?

*See* Petition, p. 2.

On August 29, 2005, the South Carolina Supreme Court issued an opinion in which it granted certiorari, dispensed with further briefing, reversed the PCR judge's order, and reinstated Petitioner's convictions. *Hughes v. State*, Memo Op.No. 2005–MO–042 (S.C. August 29, 2005). The Remittitur was issued on September 14, 2005.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claim:

> Counsel was ineffective for failing to point out the defects in the indictment because it omitted an essential elements and did not refer to a definitional statue indictment for possession cocaine the lower was without jurisdiction to enter a conviction.

*See Petition,* p. 6.

### *Discussion*

Respondents have moved for summary judgment pursuant to Rule 12(b) and Rule 56(b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; *see* Habeas Corpus Rules 5–7.

In seeking dismissal of this action, Respondents correctly note that Petitioner did not raise the issue presented in this Petition in either a direct appeal or in his APCR appeal. Although Petitioner's original PCR petition did contain the following issue: "Ineffective assistance of counsel in violation of the Fourteenth and Sixth Amendments of the United States Constitution and Article One, Section 13 § 14 of the South Carolina Constitution"; Petitioner did not pursue an ineffective assistance of counsel claim at the PCR hearing, nor did he pursue any such claim in his PCR appeal. Therefore, the issue of whether Petitioner's trial counsel was ineffective in his representation of the Petitioner has never been adjudicated. *See Joseph v. Angelone*, 184 F.3d 320, 328 (4th Cir.1999), *cert. denied*, 528 U.S. 959,

120 S.Ct. 392, 145 L.Ed.2d 305 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court.... That requires 'the ground relied upon' [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting *Townes v. Murray,* 68 F.3d 840, 846 (4th Cir.1995)) (quoting *Mallory v. Smith,* 27 F.3d 991, 995 (4th Cir.1994)).

Since Petitioner did not pursue the claim set forth in his Petition in either a direct appeal or in his APCR appeal, it is barred from further state collateral review; *Ingram v. State of S.C.,* No. 97–7557, 1998 WL 726757 at *1 (4th Cir. Oct.16, 1998); *Josey v. Rushton,* No. 00–547, 2001 WL 34085199 at *2 (D.S.C. March 15, 2001); *see also Aice v. State,* 305 S.C. 448, 409 S.E.2d 392, 393 (1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted. *Coleman v. Thompson,* 501 U.S. 722, 735, n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Teague v. Lane,* 489 U.S. 288, 297–298, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *George v. Angelone,* 100 F.3d 353, 363 (4th Cir.1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], *cert. denied,* 519 U.S. 1103, 117 S.Ct. 854, 136 L.Ed.2d 829 (1997); *Aice,* 409 S.E.2d at 393; *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court ... the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state ... or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], *cert. denied,* 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997); *Ingram,* 1998 WL 726757 at *1.

■ Since this issue was not pursued by the Petitioner in the state courts, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Waye v. Murray,* 884 F.2d 765, 766 (4th Cir.1989), *cert. denied,* 492 U.S. 936, 110 S.Ct. 29, 106 L.Ed.2d 634 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

Here, Petitioner has not presented any argument to show cause for his failure to pursue this issue in the state courts. Instead, he only addresses the issue on the merits. *See Petitioner's Response.*

Since Petitioner has not even addressed the question of cause for his failure to raise this issue in his state PCR appeal, he has failed to show cause for his procedural default on this issue. *Rodriguez v. Young,* 906 F.2d 1153, 1159 (7th Cir.1990), *cert. denied,* 498 U.S. 1035, 111 S.Ct. 698, 112 L.Ed.2d 688 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor has Petitioner shown that a fundamental miscarriage of justice will occur if these claims are not considered. *Wainwright v. Sykes, supra; Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Rodriguez,* 906 F.2d

at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing *Murray v. Carrier,* 477 U.S. at 496, 106 S.Ct. 2639); *Sawyer v. Whitley,* 505 U.S. 333, 348, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); *Bolender v. Singletary,* 898 F.Supp. 876, 881 (S.D.Fla.1995). Hence, Petitioner's claim is procedurally barred from consideration by this Court, and must be dismissed. *Id.; see* 28 U.S.C. § 2254.

### Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted,** and that this Petition be **dismissed,** with prejudice.

The parties are referred to the Notice Page attached hereto.