ACTING JUSTICE TOAL:
I respectfully dissent. I would affirm the post-conviction relief (PCR) court’s dismissal of Petitioner's second PCR application because Petitioner’s allegation of ineffectiveness does not justify the filing of an untimely, successive PCR application. Further, I disagree with the majority’s interpretation of section 17-27-160(B) of the South Carolina Code[20] and would find that an attorney who is qualified to represent a capital defendant at trial is likewise qualified to represent a capital defendant in PCR proceedings.

A Successive Application

First, I would find that Petitioner has not set forth sufficient reasons in his application to overcome the prohibition against successive PCR applications. See S.C. Code Ann. § 17-27-90 (2014) (“Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason *525 was not asserted or was inadequately raised in the original, supplemental or amended application.”); Aice v. State, 305 S.C. 448, 450, 409 S.E.2d 392, 394 (1991) (interpreting section 17-27-90 to prohibit “a successive PCR application unless an applicant can point to a ‘sufficient reason’ why the new grounds for relief he asserts were not raised, or were not raised properly”).
While I agree with the majority that Petitioner should not be afforded review pursuant to Martinez[21] and that Kelly[22] should be extended to capital PCR cases, I disagree with the majority’s holding that applications containing allegations regarding compliance with section 17-27-160(B) warrant automatic review of an otherwise successive application. See Aice, 305 S.C. at 451, 409 S.E.2d at 394 (“[T]he contention that prior PCR counsel was ineffective is not per se a ‘sufficient reason’ allowing for a successive PCR application under § 17-27-90.”). Even though Petitioner is challenging his PCR counsel’s qualifications, he is merely asserting a routine ineffectiveness argument, which does not constitute a “sufficient reason” why the new grounds for relief he asserts were not raised, or were not raised properly. But see Washington v. State, 324 S.C. 232, 478 S.E.2d 833 (1996) (permitting a successive application where multiple procedural irregularities prohibited the applicant from receiving a direct appeal); Carter v. State, 293 S.C. 528, 362 S.E.2d 20 (1987) (permitting a successive application where trial counsel also served as PCR counsel); Case v. State, 277 S.C. 474, 289 S.E.2d 413 (1982) (permitting a successive application where a pro se PCR application was dismissed without a hearing).[23] I am hesitant' to create another tier of *526 review in an already thorough process when procedures exist to deal with successive (but meritorious) claims that may have slipped through the cracks of the normal review process.

B. Interpretation of Section 17-27-160(B)

Moreover, I disagree with the majority’s interpretation of section 17-27-160(B). Since 2003, counsel has been held to be qualified to represent a capital PCR applicant if counsel is qualified to represent a capital defendant at trial[24] and has completed the continuing legal education requirements. See Re Appointment of Counsel in Capital Post-Conviction Relief Matters, dated August 15, 2003, found at http://www.sccourts. org/whatsnew/displaywhatsnew.cfm?indexID=165. I see no reason to depart from this interpretation now. In my opinion, the sound reasoning underlying that interpretation still holds true, and the adoption of the majority’s interpretation of the statute would lead to the illogical result that an attorney meeting the qualifications to defend a capital defendant at trial may not be qualified to defend him in PCR proceedings. Id.

C. Conclusion

For these reasons, I would affirm the decision of the PCR court.

. Section 17-27-160(B) requires the appointment of two attorneys in a PCR capital case, of which one attorney “must have previously represented a death-sentenced inmate in state or federal post-conviction relief proceedings or (1) must meet the minimum qualifications set forth in [s]ection 16-3-26(B) and [sjection 16-3-26(F) and (2) have successively completed, within the previous two years, not less than twelve hours of South Carolina Bar approved continuing legal education or professional training primarily involving advocacy in the field of capital appellate and/or post-conviction defense.”

. Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).

. Kelly v. State, 404 S.C. 365, 745 S.E.2d 377 (2013).

. Moreover, there is still the ultimate safety net provided by Butler petitions in cases in which a PCR applicant has exhausted all permitted relief but “where there has been a violation, which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.” Butler v. State, 302 S.C. 466, 468, 397 S.E.2d 87, 88 (1990) (internal quotation marks omitted) (citation omitted); McWee v. State, 357 S.C. 403, 414, 593 S.E.2d 456, 461 (2004) (Pleicones, J„ dissenting) (explaining a Butler petition provides the Court with "a final *526 opportunity to review the fundamental fairness of a criminal proceeding”).

. An attorney is qualified to represent a capital defendant at trial if he or she has at least five years’ experience as a licensed attorney and at least three years' experience in the actual trial of felony cases. See S.C, Code Ann. § 16-3-26(B) (2015); Rule 421(b), SCACR.