**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Anthony Woods, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-001713

Appeal from Clarendon County
The Honorable Benjamin H. Culbertson, Circuit Court Judge

Memorandum Opinion No. 2019-MO-044
Submitted November 22, 2019 – Filed December 18, 2019

**REVERSED AND REMANDED**

Emily C. Paavola and Lindsey Sterling Vann, both of Justice 360, of Columbia, for Petitioner.

Attorney General Alan Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody J. Brown and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia for Respondent.

**PER CURIAM:**  This matter is before the Court on a petition for a writ of certiorari.  We grant the petition for a writ of certiorari, dispense with further briefing, reverse the decision of the post-conviction relief (PCR) court, and remand for an evidentiary hearing.

Petitioner's second PCR application was dismissed as untimely and successive.  Petitioner alleges he should be allowed to maintain a successive PCR application because his trial and first PCR counsel failed to argue he was intellectually disabled and, thus, cannot be executed.  *See Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (holding the Eighth Amendment bars the execution of a person with an intellectual disability).  We agree.

Because there is a possibility the Constitution categorically bars Petitioner's execution, we hold the successive PCR application in this case is permissible because of extraordinary circumstances.  *See e.g.*, *Robertson v. State*, 418 S.C. 505, 516, 795 S.E.2d 29, 35 (2016) (allowing a successive PCR application where PCR counsel was not statutorily qualified to represent the applicant); *Washington v. State*, 324 S.C. 232, 236, 478 S.E.2d 833, 835 (1996) (permitting a successive PCR application where multiple procedural irregularities, including the denial of a direct appeal, denied applicant the benefit of due process); *Gamble v. State*, 298 S.C. 176, 178, 379 S.E.2d 118, 119 (1989) (allowing a successive PCR application where the applicant unknowingly withdrew his first PCR application with prejudice); *Carter v. State*, 293 S.C. 528, 530, 362 S.E.2d 20, 21–22 (1987) (authorizing a successive PCR application where the applicant did not have PCR counsel that differed from his trial counsel); *Case v. State*, 277 S.C. 474, 475, 289 S.E.2d 413, 414 (1982) (allowing a successive PCR application where the applicant's first PCR application was dismissed without the assistance of legal counsel and without a hearing).  Accordingly, we reverse the order of the PCR court and remand this matter for a hearing on Petitioner's PCR application dated June 3, 2019.


**REVERSED AND REMANDED.**

**BEATTY, C.J., KITTREDGE and HEARN, JJ., concur.  FEW and JAMES, JJ., not participating.**