19700

Lewis Jacob ROGERS, Appellant, v. STATE of South Carolina, Respondent.

(199 S. E. (2d) 761)

*James M. Brailsford, III, Esq.,* of *Robinson, McFadden, Moore and Pope,* Columbia, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair and Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,* cite:

October 9, 1973.

Moss, Chief Justice:

Lewis Jacob Rogers, the appellant herein, was indicted for the crime of rape at the 1970 December Term of the Court of General Sessions for Richland County. He was tried and convicted, with a recommendation to the mercy of the court, at the 1971 January Term of the court, and sentenced by the Presiding Judge, The Honorable Francis B. Nicholson, to a term of twelve years in the State Penitentiary. The appellant, at this trial, was represented by retained counsel. Notice of intention to appeal was given but never perfected.

The appellant, on April 26, 1971, filed his application for post-conviction relief, *in forma pauperis,* in the Court of

Common Pleas for Richland County, pursuant to Section 17-601, *et seq.,* of the Code. In his application, appellant alledged that his conviction resulted from a violation of several of his Constitutional Rights including an allegation that he was denied the effective assistance of counsel at his trial, and he requested that his conviction be set aside and a new trial granted. A hearing was held on the application on November 1, 1972, before The Honorable John Grimball, Resident Judge, with the appellant being repersented by appointed counsel. At the hearing, the appellant based his case solely on the allegation that he was denied the effective assistance of counsel at his trial, in violation of his right to counsel under the Sixth Amendment, made obligatory upon the states by the Fourteenth Amendment to the Constitution of the United States. The trial judge refused the application of the appellant for post-conviction relief on the ground that he was without jurisdiction to grant such request. This appeal followed.

The appellant charges the trial judge with error in holding that he did not have jurisdiction, under the Uniform Post-Conviction Procedure Act, Section 17-601, *et seq.,* of the Code, to set aside the conviction of the appellant and award him a new trial because of the ineffective assistance of counsel at his trial.

The right of an accused in a criminal prosecution to the assistance of counsel under the Sixth Amendment to the Constitution of the United States is made obligatory upon the states by the Fourteenth Amendment. The effective assistance of counsel is a necessary requisite of due process of law. *State v. Cowart,* 251 S. C. 360, 162 S. E. (2d) 535.

The appellant instituted this action for post-conviction relief under Section 17-601 of the Code, which is available to:

"(a) Any person who has been convicted of, or sentenced for a crime and who claims:

(1) That the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State;".

Section 17-601 of the Code, provides that the application for post-conviction relief shall be heard in, and before any judge of, a court of competent jurisdiction in the county in which the conviction took place.

The application of the appellant for post-conviction relief was based entirely upon his claim that he did not have the effective assistance of counsel because of their incompetency in violation of his rights under the provisions of the Constitution of the United States. This allegation set forth a *prima facie* violation of the appellant's constitutional rights, and raised a question of fact which could only be determined in the lower court by an evidentiary hearing.

The trial judge had jurisdiction under the Uniform Post-Conviction Procedure Act to determine whether the appellant's counsel's representation of him at his trial met constitutional standards of adequacy. It follows, that the trial judge was in error in holding that he did not have jurisdiction to hear and determine the questions raised by the application of the appellant.

The order of the lower court is reversed and this cause remanded thereto for the determination of the question of whether the appellant was denied the effective assistance of counsel at his trial.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD AND LITTLEJOHN, JJ., concur.