22999

Lloyd GAMBLE, Petitioner v. STATE of South Carolina, Respondent.
(379 S. E. (2d) 118)

Supreme Court

*Chief Deputy Atty. Elizabeth C. Fullwood*, of *S. C. Office of Appellate Defense*, Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Staff Atty. Delbert H. Singleton, Jr.*, Columbia, *for respondent.*

Submitted Feb. 21, 1989.

Decided April 10, 1989.

TOAL, Justice:

The lower court dismissed this post-conviction relief application, holding it was a successive application and thus barred by Supreme Court Rule 50(3) and S. C. Code Ann. § 17-27-90. We reverse.

In June 1985, Lloyd Gamble was convicted for conspiracy, trafficking in cocaine, possession of cocaine and possession of cocaine with intent to distribute. Gamble made a direct appeal to this Court which was dismissed December 17, 1985 for failure to perfect it. Gamble filed an application for post-conviction relief December 9, 1985. Before this application was heard on its merits, in May of 1986, Gamble contacted his appointed counsel and requested the pending application be withdrawn. Counsel requested the application's withdrawal, and the Circuit Court ordered the dismissal in May 1986. This Order recited that the State agreed to the dismissal but did not state that the application was to be dismissed with prejudice.

Gamble filed the present post-conviction relief application March 12, 1987. The grounds which Gamble asserts for relief under the present application were available to him when he made his first application. The Circuit Court dismissed the present application by Order dated November 4, 1987, following an evidentiary hearing, holding the application was barred as successive under Supreme Court Rule 50(3) and S. C. Code Ann. § 17-27-90.

Petitions for post-conviction relief are civil actions. Supreme Court Rule 50(7). The South Carolina Rules of Civil Procedure are applicable to all civil actions. Rule 1, SCRCP. Applicable civil practice rules are specifically incorporated by statute into post-conviction practice. S. C. Code Ann. § 17-27-80.

The voluntary dismissal of an action by a plaintiff with the consent of the opposing party is without prejudice unless otherwise stated in the notice of dismissal or stipulation. Rule 41(a)(1), SCRCP.

The lower court dismissed Gamble's first petition prior to adjudication on the merits with the consent of the State. The Order did not state the application was dismissed with prejudice. Therefore, Gamble was entitled to make another petition.

Neither Supreme Court Rule 50(3) nor S. C. Code Ann. § 17-27-90 acts to bar, as successive, Gamble's current petition. South Carolina's Uniform Post-Conviction Procedure Act, § 17-27-90, states:

"All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application."

South Carolina's Supreme Court Rule 50(3) states:

". . . successive applications for relief are not to be entertained, and the burden shall be on the applicant to establish that any new ground raised in a subsequent application could not have been raised by him in the previous application."

These rules, while barring subsequent petitions on grounds available to or waived by an applicant in a prior action or petition, contemplate an adjudication on the merits of the original petition, one bite at the apple as it were. These rules will not be construed to operate as a trap for the unwary.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.