620 S.E.2d 743

**Martin BRAY, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 26045.

Supreme Court of South Carolina.

Submitted Sept. 7, 2005.

Decided Sept. 26, 2005.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for Respondent.

PER CURIAM:

Petitioner seeks a writ of certiorari from the denial of his third application for post-conviction relief (PCR). We grant the petition, dispense with further briefing, and affirm the order of the PCR judge.

The PCR judge found that petitioner did not knowingly and intelligently waive his right to appellate review of the denial of his first PCR application because his PCR counsel failed to advise him of the right to seek appellate review. However, the judge found that petitioner's third PCR action was barred by laches.

■ This Court has never specifically required counsel to advise a PCR applicant of the right to appellate review of the denial of PCR. In *Sutton v. State*, 361 S.C. 644, 606 S.E.2d 779 (2004), we held that neither trial nor appellate counsel are required to advise a client of the right to file a PCR applica-

140

tion or the time limits for filing. However, in *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991), this Court held that an applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. Appellate counsel is required to brief arguable issues, despite counsel's belief the appeal is frivolous, to safeguard the right to appeal. *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). Further, Rule 71.1(g), SCRCP, expressly provides that, if the applicant wishes to seek appellate review, PCR counsel must file a Notice of Appeal, continue representation until relieved, and assist an indigent applicant in obtaining representation by the Office of Appellate Defense.

We now hold that counsel is required to advise an applicant of the right to appellate review of the denial of PCR. Accordingly, the PCR judge properly found that petitioner did not knowingly and intelligently waive his right to appellate review since counsel failed to advise him of the right. However, as discussed below, petitioner's application was properly dismissed.

Laches is "neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done. Whether a claim is barred by laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party." *Whitehead v. State*, 352 S.C. 215, 574 S.E.2d 200 (2002), *citing Hallums v. Hallums*, 296 S.C. 195, 198–199, 371 S.E.2d 525, 527 (1988).

In this case, petitioner's PCR application was filed seven years after the denial of his first PCR application. He offered no explanation for the delay other than the fact that he only recently discovered he could seek a belated review of that denial. The tapes of petitioner's first PCR hearing have now been destroyed. Counsel had no notes on the PCR hearing, and neither petitioner nor his prior plea counsel or PCR counsel could specifically recall the testimony presented at the PCR hearing. Based on these facts, the PCR judge properly found that petitioner's claim was barred by laches. *McCray v. State*, 317 S.C. 557, 455 S.E.2d 686 (1995) (this Court must

affirm the rulings of the PCR judge if there is any evidence to support the decision).

Further, successive PCR applications are disfavored, and the applicant has the burden of proving that the grounds could not have been raised in a prior PCR application. *Aice v. State*, 305 S.C. 448, 409 S.E.2d 392 (1991). Although petitioner did not raise an allegation that he was denied the right to review his first PCR application in his second PCR action, he could have raised this allegation. Therefore, petitioner's third PCR application should have been dismissed as impermissibly successive.

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.