652 S.E.2d 436

**Milton HIOTT, Appellant,**

v.

**STATE of South Carolina, Respondent.**

**No. 4302.**

Court of Appeals of South Carolina.

Heard Sept. 12, 2007.
Decided Oct. 11, 2007.
Rehearing Denied Nov. 16, 2007.

Assistant Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David Spencer, all of Columbia, for Respondent.

WILLIAMS, J.

In this case, we hold the PCR court has authority to issue Rule 11 sanctions against a post-conviction applicant pursuant to the South Carolina Rules of Civil Procedure.

## FACTS

Milton Daniel Hiott (Hiott) was convicted of incest and sentenced to ten years imprisonment. Hiott did not appeal his conviction or sentence.

Hiott filed an application for post-conviction relief (PCR). Hiott alleged trial counsel was ineffective for failing to prepare for trial, failing to request a *Blair*[1] hearing, and failing to file a direct appeal. Additionally, Hiott argued he was entitled to relief based on vindictive prosecution, a *Brady*[2] violation,

---

1. *State v. Blair,* 275 S.C. 529, 273 S.E.2d 536 (1981).

2. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

prosecutorial elicitation of false testimony, prosecutorial misstatement of a crucial fact, violation of Rules 3(c) and (d), SCRCrimP, the State's presentation of direct indictments at trial, and unconstitutional vagueness of indictments.

Hiott presented testimony regarding most of these assertions. However, he failed to present testimony supporting his claims for counsel's failure to request a *Blair* hearing, violation of Rules 3(c) and (d), the presentation of indictments, or vagueness of indictments.

The PCR judge denied Hiott's application and pursuant to Rule 11 of the South Carolina Rules of Civil Procedure [3] fined Hiott $3,000 for presenting frivolous claims and testimony. Subsequently, Hiott filed a Rule 59(e) motion to alter or amend the judgment, which was denied.

Hiott filed a petition for writ of certiorari. We granted the petition and ordered the parties to brief the issue of whether the PCR judge had authority to issue Rule 11 sanctions.

## STANDARD OF REVIEW

■■■ Any evidence of probative value is sufficient to uphold a PCR judge's finding. *Pierce v. State*, 338 S.C. 139, 144–45, 526 S.E.2d 222, 225 (2000). A PCR judge's decision will be reversed if it is controlled by an error of law. *Id.* If the case raises a novel question of law, this Court is free to decide the question without deference to the lower court. *State v. McClinton*, 369 S.C. 167, 169, 631 S.E.2d 895, 896 (2006).

The issue of whether a PCR court has authority to sanction a PCR applicant under Rule 11 is one of first impression. Thus, we are free to make our determination without deference to the PCR court.

---

3. Rule 11 provides: "The signature of an attorney or party [on a pleading, motion, or other paper] constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. If a pleading, motion or other paper *is signed in violation of this Rule, the court* ... *may impose upon* the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee."

## LAW/ANALYSIS

■ The Uniform Post–Conviction Procedure Act[4] (the Act) contemplates the applicability of the South Carolina Rules of Civil Procedure in PCR actions. Section 17–27–80 of the South Carolina Code (Supp.2006) states, "**All** rules and statutes applicable in civil proceedings are available to the parties." (emphasis added).

The cardinal rule of statutory construction is to determine and give effect to the intent of the legislature. *Charleston County Sch. Dist. v. State Budget & Control Bd.*, 313 S.C. 1, 5, 437 S.E.2d 6, 8 (1993). The best evidence of legislative intent is the text of the statute. *Wade v. State*, 348 S.C. 255, 259, 559 S.E.2d 843, 844 (2002) (internal quotations and citations omitted). If the terms of the statute are clear, the court must apply those terms according to their literal meaning. *City of Columbia v. Am. Civil Liberties Union of S.C., Inc.*, 323 S.C. 384, 387, 475 S.E.2d 747, 749 (1996).

■ The plain language of section 17–27–10 requires all rules that apply in a civil case apply to PCR actions. A PCR action is a civil action. *Council v. Catoe*, 359 S.C. 120, 125, 597 S.E.2d 782, 784 (2004). Consequently, Rule 11 would apply to PCR proceedings because PCR actions are civil.

Moreover, section 17–27–150(A) of the South Carolina Code (Supp.2006) states, "A party in a noncapital [PCR] proceeding shall be entitled to invoke the processes of discovery available under the South Carolina Rules of Civil Procedure if, and to the extent that, the judge ... grants leave to do so...." Section 17–27–150(B) states, "A party in a capital [PCR] proceeding shall be entitled to invoke the processes of discovery available under the South Carolina Rules of Civil Procedure."

Section 17–27–150 indicates the legislature's express intent to afford PCR applicants limited use of the discovery process as stated in the South Carolina Rules of Civil Procedure. If the legislature sought to limit the applicability of Rule 11 to PCR proceedings as it sought to limit the discovery process, the legislature would have inserted constricting language to that effect in the Act. Additionally, the South Carolina Rules

---

4. S.C.Code Ann. § 17–27–10 et seq. (Supp.2006).

of Civil Procedure support the conclusion that Rule 11 is applicable to PCR actions.

The South Carolina Rules of Civil Procedure "govern the procedure in **all** South Carolina courts in **all** suits of a civil nature...." Rule 1, SCRCP (emphasis added). Furthermore, the South Carolina Rules of Civil Procedure apply to PCR actions "to the extent that they are not inconsistent with the Act." Rule 71.1(a), SCRCP.

When interpreting language of a court rule, the same rules of construction employed in interpreting statutes apply. *State v. Brown*, 344 S.C. 302, 307, 543 S.E.2d 568, 571 (Ct.App.2001). "Therefore, the words of [the rule] must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule." *Id.* (internal quotations and citations omitted). Given the plain language of Rules 1 and 71.1 and that Rule 11 is consistent with the Act, ample justification exists to conclude Rule 11 applies to PCR actions.[5] *See Leamon v. State*, 363 S.C. 432, 434, 611 S.E.2d 494, 495 (2005) (holding PCR actions are governed by the usual rules of civil procedure); *Sutton v. State*, 361 S.C. 644, 647, 606 S.E.2d 779, 780 (2004) ("A PCR action is a civil action generally subject to rules and statutes that apply in civil proceedings.") *overruled on other grounds by Bray v. State*, 366 S.C. 137, 620 S.E.2d 743 (2005); *Gamble v. State*, 298 S.C. 176, 177, 379 S.E.2d 118, 118 (1989) (holding the South Carolina Rules of Civil Procedure apply to all civil actions, a petition for PCR is a civil action, the Act specifically incorporates the applicable rules of civil practice, and Rule 41(a) of the South Carolina Rules of Civil Procedure applies to PCR petitions).

We are cognizant that "[c]ourts treat PCR differently than traditional civil cases." *Wade*, 348 S.C. at 263, 559 S.E.2d at 847. However, given the plain language of the Act and the South Carolina Rules of Civil Procedure, we conclude the PCR

**5.** Hiott does not argue the PCR judge abused his discretion by imposing sanctions. The sole issue on appeal is whether the PCR judge had authority to issue Rule 11 sanctions. Thus, we do not address whether the PCR judge abused his discretion in sanctioning Hiott. *Jinks v. Richland County*, 355 S.C. 341, 344, 585 S.E.2d 281, 283 (2003) (stating issues not argued in a party's brief are deemed abandoned).

court has authority to issue Rule 11 sanctions against a PCR applicant.

## CONCLUSION

Accordingly, the circuit court's decision is

**AFFIRMED.**

CURETON and GOOLSBY, AJJ., concur.