674 S.E.2d 491

**Milton HIOTT, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 26615.

Supreme Court of South Carolina.

Heard Feb. 18, 2009.

Decided March 16, 2009.

Appellate Defender Robert M. Pachak, of the South Carolina Office of Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General David Spencer, all of Columbia, for Respondent.

Justice BEATTY:

Milton Hiott's application for post-conviction relief (PCR) was denied. The PCR judge found Hiott's testimony and claims were frivolous and sanctioned him $3,000 pursuant to Rule 11 of the South Carolina Rules of Civil Procedure. The Court of Appeals affirmed, holding as a matter of first impres-

sion that Rule 11 is applicable in PCR proceedings. *Hiott v. State*, 375 S.C. 354, 652 S.E.2d 436 (Ct.App.2007). We granted Hiott's petition for a writ of certiorari and now reverse.

## I. FACTS

Hiott was convicted of incest with his daughter after a two-day criminal trial on January 16 and 17, 2003. He filed a PCR application on June 9, 2003. Hiott was represented by counsel at the PCR hearing.

During the hearing, Hiott asserted that his trial counsel was ineffective for, among other things, failing to discover that his daughter had previously been molested by a family friend. He also contended the prosecution committed a *Brady*[1] violation by not disclosing this information to the defense.

Hiott's trial counsel apparently first became aware of the incident when one of Hiott's family members advised him about it during Hiott's criminal trial. Hiott maintained the incident did not occur to him because he had put it out of his mind, but if counsel had adequately questioned him it likely would have "jogged [his] memory" and he probably would not have been convicted.

The PCR judge found Hiott's claims in this regard were "absurd" and "patently frivolous" because Hiott was the complaining party in the molestation case, yet he supposedly forgot to mention it to his trial attorney. The PCR judge further found the prosecution did not commit a *Brady* violation as the information was readily available to Hiott. The PCR judge ruled the remaining issues raised by Hiott were also without merit.

The PCR judge imposed a $3,000 sanction on Hiott under Rule 11, SCRCP, finding Hiott's testimony and claims were frivolous. The PCR judge stated that he considered many variables in making this decision, including the time and expense incurred by the South Carolina Attorney General's Office, the South Carolina Department of Corrections, Hiott's appointed attorney, and the court.

---

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The Court of Appeals affirmed the imposition of a sanction under Rule 11, SCRCP. *Hiott v. State,* 375 S.C. 354, 652 S.E.2d 436 (Ct.App.2007). We granted Hiott's petition for a writ of certiorari.

## II. STANDARD OF REVIEW

The decision of the PCR judge may be reversed when it is controlled by an error of law. *Pierce v. State,* 338 S.C. 139, 526 S.E.2d 222 (2000). This Court is entitled to decide a novel question of law without any particular deference to the lower court. *Page v. State,* 364 S.C. 632, 615 S.E.2d 740 (2005).

## III. LAW/ANALYSIS

Rule 11(a), SCRCP provides in relevant part as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay.

. . . .

. . . If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.

The sole issue before the Court of Appeals, as here, is whether the PCR judge erred in finding Rule 11 applies to PCR proceedings.[2] The Court of Appeals, noting this was a case of first impression, affirmed the PCR judge's ruling. The

---

**2.** The Court of Appeals noted that "Hiott does not argue the PCR judge abused his discretion by imposing sanctions. The sole issue on appeal is whether the PCR judge had authority to issue Rule 11 sanctions. Thus, we do not address whether the PCR judge abused his discretion in sanctioning Hiott." *Hiott,* 375 S.C. at 358 n. 5, 652 S.E.2d at 438 n. 5.

court first noted that the Uniform Post–Conviction Procedure Act specifically provides that the South Carolina Rules of Civil Procedure are applicable in PCR actions. *Hiott,* 375 S.C. at 357, 652 S.E.2d at 437.

Section 17–27–80 of the Act provides: "All rules and statutes applicable in civil proceedings are available to the parties." S.C.Code Ann. § 17–27–80 (2003). The Court of Appeals stated all rules that apply in civil cases apply to PCR actions; therefore, "Rule 11 would apply to PCR proceedings because PCR actions are civil." *Hiott,* 375 S.C. at 357, 652 S.E.2d at 437.

The Court of Appeals next observed that the South Carolina Legislature has specifically limited the application of discovery in PCR proceedings in section 17–27–150 [3] of the Act, and stated that "[i]f the legislature sought to limit the applicability of Rule 11 to PCR proceedings as it sought to limit the discovery process, the legislature would have inserted constricting language to that effect in the Act." *Id.*

Finally, citing Rule 1 and Rule 71.1(a), SCRCP, the Court of Appeals observed that "the South Carolina Rules of Civil Procedure support the conclusion that Rule 11 is applicable to PCR actions." *Id.* at 357–58, 652 S.E.2d at 437.

Rule 1, SCRCP states: "These rules govern the procedure in all South Carolina courts *in all suits of a civil nature* whether cognizable as cases at law or in equity, *with the exceptions stated in Rule 81.*" Rule 81 contains no exception stating Rule 11 is inapplicable in PCR actions.

Rule 71.1(a), SCRCP, regarding PCR actions, provides as follows:

(a) **Procedure.** The procedure for post-conviction relief is provided by the Uniform Post–Conviction Procedure Act (Act), S.C.Code Ann. §§ 17–27–10 to –120 (1985).[4] The

---

**3.** *See* S.C.Code Ann. § 17–27–150(A) (2003) ("A party in a noncapital post-conviction relief proceeding shall be entitled to invoke the processes of discovery available under the South Carolina Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.").

**4.** The Act has been updated to S.C.Code Ann. §§ 17–27–10 to –120 (2003).

South Carolina Rules of Civil Procedure shall apply to the extent that they are not inconsistent with the Act.

The Court of Appeals concluded: "Given the plain language of Rules 1 and 71.1 and that Rule 11 is consistent with the Act, ample justification exists to conclude Rule 11 applies to PCR situations." *Hiott*, 375 S.C. at 358, 652 S.E.2d at 438.

On review, Hiott asserts that Rule 11 sanctions should not apply in PCR proceedings because "[t]o hold otherwise would be to put a chilling effect on an applicant's right to file for post-conviction relief." Hiott states PCR applications are often prepared by the petitioners themselves or other inmates, and they are often not educated in the law and are not readily able to discern meritorious issues.[5]

The State, in contrast, contends a circuit court judge has the authority to sanction a PCR applicant just like any other plaintiff in a civil action and that PCR applicants "do not have special rights to present frivolous claims and testimony." The State argues "an applicant's education, representation by counsel, potential reliance on an individual [who] is unlicensed to practice law, and the manner in which a claim is raised are all considerations that a circuit court could properly examine to determine if sanctions are appropriate." Moreover, any "[s]anctions imposed . . . can be reviewed on appeal."

The Court of Appeals correctly determined there is currently no provision in either the Uniform Post–Conviction Procedure Act or the South Carolina Rules of Civil Procedure that expressly *prohibits* the application of Rule 11 in PCR actions.

In an analogous case, however, this Court previously held that a statute revoking inmate credits for prisoners submitting frivolous claims or giving false testimony should not be applied to PCR applicants. In *Wade v. State*, 348 S.C. 255, 559 S.E.2d 843 (2002), the petitioner filed a PCR application, which was

---

**5.** Hiott also maintains the Court of Appeals "apparently" found it was frivolous that he did not present testimony for some of the claims he raised in his PCR application and penalized him. He asserts that requiring a petitioner to present meritless claims, however, would create an undue burden on the courts. As the State correctly points out, the Court of Appeals made no such finding and did not examine the validity of Hiott's PCR claims. Thus, there is no merit to this allegation.

denied. The PCR judge also revoked petitioner's inmate credits under section 24–27–200 of the Inmate Litigation Act (ILA) for testifying falsely at the PCR hearing.[6] *Id.* at 257, 559 S.E.2d at 844.

We stated this provision "may not stop a prisoner from utilizing the PCR structure, but it would assuredly chill a prisoner's exercise of a constitutional right," and "[s]uch a result is contrary to the long tradition of giving prisoners ready access to PCR [proceedings]." *Id.* at 262, 559 S.E.2d at 846.

Further, we reasoned that, although the ILA applies to civil actions, and PCR actions are civil, courts treat PCR actions differently than traditional civil cases:

> Courts treat PCR differently than traditional civil cases. For example, PCR actions are the only type of case which this Court mandates appellate counsel must brief all arguable issues, despite counsel's belief the appeal is frivolous. *A lawyer knowingly filing a frivolous claim in any other civil case violates Rule 11, SCRCP.* Additionally, a PCR applicant who is granted a hearing has a statutory right to be represented by a court-appointed attorney. This right does not generally exist for plaintiffs in civil cases.

*Id.* at 263, 559 S.E.2d at 847 (internal citations and footnote omitted) (emphasis added).

In *Hiott,* the Court of Appeals, citing *Wade,* stated that it was "cognizant that '[c]ourts treat PCR differently than traditional civil cases,'" but nevertheless concluded PCR courts have the authority to issue Rule 11 sanctions against PCR applicants "given the plain language of the [Uniform Post–Conviction Procedure] Act and the South Carolina Rules of Civil Procedure[.]" *Hiott,* 375 S.C. at 358, 652 S.E.2d at 438.

Although the PCR judge in the current case was understandably concerned with the potential abuse of PCR proceedings by inmates filing meritless claims, as noted in *Wade,* "the legislative and judicial systems already place limitations to

---

6. *See* S.C.Code Ann. § 24–27–200 (2007) (providing for the forfeiture of inmate credits by a prisoner who submits a frivolous claim, testifies falsely, unreasonably delays a proceeding, or abuses the discovery process).

deter inmate litigation abuse in the PCR process." *Wade,* 348 S.C. at 263, 559 S.E.2d at 847.

"First, a petitioner must raise all available grounds for relief in the first PCR application since successive actions are usually barred." *Id.* at 263–64, 559 S.E.2d at 847; *see also Aice v. State,* 305 S.C. 448, 409 S.E.2d 392 (1991) (discussing successive applications); S.C.Code Ann. § 17–27–90 (2003) (stating all grounds for relief must be raised in the first PCR application unless the court finds there is a sufficient reason why they were not asserted in the original application).

"Second, an applicant must file the PCR application within one year of the final resolution of the criminal conviction." *Wade,* 348 S.C. at 264, 559 S.E.2d at 847; *see also* S.C.Code Ann. § 17–27–45(A) (2003) (stating a PCR application "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later").

"Third, a petitioner faces a one-year deadline to file an application asserting a newly created standard or right, and to raise newly discovered material facts." *Wade,* 348 S.C. at 264, 559 S.E.2d at 847; *see also* S.C.Code Ann. § 17–27–45(B), (C) (2003) (providing one year from the determination of a newly created standard or right in subsection (B) and one year from the time new evidence was discovered, or could have been discovered by due diligence, in subsection (C)).

Together, these provisions effectively grant an individual "one chance to argue for relief" within a year of the final appeal; consequently, "[t]hese limitations adequately prevent inmates from abusing the PCR process." *Wade,* 348 S.C. at 264, 559 S.E.2d at 847.

Given the public policy considerations involved, including our recognition in *Wade* that PCR actions are treated differently than traditional civil cases and that sanctions of any kind could chill a petitioner's pursuit of PCR, as well as the fact that there are already limitations in place that serve to curb the potential abuse of the PCR process, we hold that Rule 11 of the South Carolina Rules of Civil Procedure does not apply in PCR proceedings. We can discern no practical benefit to be obtained by imposing sanctions on PCR petitioners who are

often indigent. Further, the increase in appellate review that would be necessitated by the challenges to any sanctions imposed would create an additional burden on the resources of the courts, which would effectively thwart the stated purpose of imposing sanctions in the first place.

## IV. CONCLUSION

Based on the foregoing, we hold, as a matter of public policy, that Rule 11 of the South Carolina Rules of Civil Procedure does not apply to PCR proceedings. Accordingly, the decision of the Court of Appeals is

**REVERSED.**

TOAL, C.J., WALLER, PLEICONES, JJ., and Acting Justice TIMOTHY M. CAIN, concur.