675 S.E.2d 734

Dale Robert BULLIS, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 26631.

Supreme Court of South Carolina.

Submitted Feb. 19, 2009.

Decided April 13, 2009.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen Ratigan, all of Columbia, for Respondent.

Chief Justice TOAL:

In this post-conviction relief (PCR) case, the PCR court found probation counsel was not ineffective in failing to inform Petitioner Dale Robert Bullis of his right to appeal the revocation of his probation and denied Petitioner relief. This Court granted a writ of certiorari to review that decision. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

In November 2003, Petitioner pled guilty to grand larceny and was sentenced to ten years imprisonment, suspended upon the service of one year in prison and five years probation. On April 29, 2005, the trial court revoked Petitioner's probation and sentenced him to five years imprisonment and six months at a restitution center. Subsequently, Petitioner filed a PCR application alleging that probation counsel was

ineffective for failing to inform him of his right to appeal his probation revocation.

At PCR hearing, Petitioner testified that that counsel never advised him of his right to appeal, and that following his revocation, he wrote a letter to the probation department inquiring about an appeal. Probation counsel testified that her notes did not indicate that she informed Petitioner of his right to appeal, but that it is generally her practice to inform her clients of their appellate rights. The PCR court denied relief.

We granted Petitioner's request for a writ of certiorari to review the following issue:

Did the PCR court err in finding probation counsel was not ineffective in failing to advise Petitioner of his right to a direct appeal from his probation revocation?

## STANDARD OF REVIEW

The burden of proof is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On certiorari, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). However, this Court will reverse the PCR court's decision when it is controlled by an error of law. *Pierce v. State*, 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

## LAW/ANALYSIS

Petitioner argues that the PCR court erred in finding probation counsel was not ineffective for failing to inform him of his right to a direct appeal. We disagree.

A defendant has a right to counsel at trial, in a guilty plea proceeding, when seeking post-conviction relief, and during a probation revocation hearing. Whether counsel is required to inform a defendant of his right to an appeal from these proceeding depends on the type of proceeding involved. In a trial, counsel must inform a defendant who has been found guilty of a crime of the possibility of an appeal and the method for taking an appeal. *Frasier v. State*, 306 S.C. 158,

161, 410 S.E.2d 572, 574 (1991). In a plea proceeding, however, there is no constitutional requirement that plea counsel inform a defendant of the right to a direct appeal absent extraordinary circumstances. *Weathers v. State*, 319 S.C. 59, 61, 459 S.E.2d 838, 839 (1995); *see also Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that counsel has a constitutional duty to inform a defendant of his right to appeal a guilty plea if there is reason to think that a rational defendant would want to appeal or that the defendant demonstrated an interest in appealing). Finally, in a PCR proceeding, PCR counsel is required to advise an applicant of the right to appellate review of the denial of relief. *Bray v. State*, 366 S.C. 137, 140, 620 S.E.2d 743, 745 (2005).

This Court has not addressed whether probation counsel is required to inform a defendant of his right to appeal the revocation of his probation. We now hold that probation counsel does not have such a duty absent extraordinary circumstances.

 Probation revocation is not a deprivation of absolute liberty, but rather, results in a loss of a conditional liberty interest. *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Thus, a probationer is only entitled to minimal due process. *Dangerfield v. State*, 376 S.C. 176, 181, 656 S.E.2d 352, 355 (2008). Not every probationer has a due process right to counsel in a revocation hearing. *Gagnon*, 411 U.S. at 790, 93 S.Ct. 1756. A constitutional right to counsel in a revocation hearing may arise, however, by virtue of the Due Process Clause. *Id.* Whether a probationer has a right to counsel is decided on a case-by-case basis, taking into consideration the complexity of alleged violations and whether the probationer can meaningfully contest the alleged violations. *Id.* In South Carolina, however, all persons charged with probation violations have a right to counsel. *Barlet v. State*, 288 S.C. 481, 483, 343 S.E.2d 620, 621 (1986).

We hold that probation counsel is not required to inform a probationer of his right to an appeal absent extraordinary circumstances. In our view, this holding is in accord with counsel's duties at a plea hearing. *See Weathers*, 319 S.C. at 61, 459 S.E.2d at 839 (holding that, "absent extraordinary

circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea."). We do not find that the constitution imposes an additional duty on counsel in a probation revocation hearing, a proceeding that is not a stage of criminal prosecution and that occurs after sentencing, which is not constitutionally mandated in a guilty plea hearing. In the instant case, because Petitioner failed to show extraordinary circumstances, we affirm the PCR court's finding that counsel was not ineffective for failing to inform Petitioner of his right to appeal.

## CONCLUSION

For these reasons, we affirm the PCR court's order denying Petitioner relief.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.