# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Maurice C. Kinard, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2015-001205

Appeal From Richland County
The Honorable Diane S. Goodstein, Circuit Court Judge
The Honorable Brooks P. Goldsmith, Post-Conviction
Judge

Opinion No. 27687
Submitted November 14, 2016 – Filed December 7, 2016

**AFFIRMED**

Appellate Defender Kathrine Haggard Hudgins, of the
South Carolina Commission on Indigent Defense,
Division of Appellate Defense, of Columbia, for
Petitioner.

Attorney General Alan M. Wilson and Assistant Attorney
General Jessica Elizabeth Kinard, both of Columbia, for
Respondent.

**PER CURIAM:** Petitioner seeks a writ of certiorari to review the denial of his
application for post-conviction relief (PCR). We grant the petition for a writ of
certiorari, dispense with further briefing, and proceed with a review of the direct
appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner contends the PCR judge erred in finding plea counsel was not ineffective in failing to file a notice of appeal on petitioner's behalf. We agree.

Petitioner testified at the PCR hearing that he asked plea counsel, promptly after sentencing, to file a notice of appeal. Plea counsel testified he could not recall if petitioner made such a request at the conclusion of the plea proceeding, but counsel acknowledged he received a letter from petitioner after the time to appeal had expired. Counsel testified he did not see a reason to appeal.

The PCR judge found plea counsel believed an appeal would be frivolous and "credibly emphasized" that he and petitioner "worked hard for the plea deal and received what [c]ounsel testified [w]as a near best case scenario in being able to plead to voluntary manslaughter." The PCR judge found petitioner was advised by the plea judge that if he wished to appeal, he would have ten days to do so. Finally, the PCR judge found petitioner failed to present any evidence showing he may be prejudiced by the alleged deficiency, as there were no objections made at the guilty plea proceeding and plea counsel had no reason to file a notice of appeal.

We find the PCR judge applied the wrong standard in evaluating petitioner's allegation that plea counsel was ineffective in failing to file a notice of appeal after petitioner requested he do so. The merits of any such appeal, while relevant to an allegation that counsel failed to <u>advise</u> a defendant of the right to appeal, are not relevant where a PCR applicant alleges counsel failed to file an appeal after being asked to do so. *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable regardless of whether the appeal would have had merit. *Id.*, at 477. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*, at 484. The defendant need not show that his hypothetical appeal might have had merit, only that but for counsel's deficient conduct, the defendant would have appealed. *Id.*, at 486.

Because the PCR judge failed to apply the proper standard in evaluating petitioner's claim, and instead evaluated the claim on the improper basis of whether the appeal would have been successful, we reverse the finding that plea counsel was not ineffective in failing to file a notice of appeal and proceed with a review of petitioner's direct appeal issue. *See Hiott v. State*, 381 S.C. 622, 674 S.E.2d 491

(2009)(The decision of the PCR judge may be reversed when it is controlled by an error of law.).

Petitioner's conviction and sentence are affirmed pursuant to Rule 220(B)(1), SCACR, and the following authorities: Rule 203(d)(1)(B)(iv), SCACR (If the appeal is from a guilty plea, the appellant must file a written explanation showing that there is an issue which can be reviewed on appeal. The explanation should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s). If an issue was not raised to and ruled on by the lower court, the explanation must include argument and citation to legal authority showing how the issue can be reviewed on appeal. If the appellant fails to make a sufficient showing, the notice of appeal may be dismissed.); *State v. Johnston*, 333 S.C. 459, 462 510 S.E.2d 423, 425 (1999)("[T]his Court has consistently held that a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review.").

**AFFIRMED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**