**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Green, Jr., Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2018-001204

---

Appeal From Beaufort County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-026
Heard November 16, 2022 – Filed January 25, 2023

---

**REVERSED AND REMANDED**

---

Appellate Defender Taylor Gilliam, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** In this action for post-conviction relief (PCR), Charles Green, Jr. argues the PCR court erred in: 1) relying on Rule 11, SCRCP to limit Green's claims and 2) concluding appellate counsel was not ineffective for failing to raise

the issue of Green's right to a speedy trial.  We reverse and remand for a new PCR hearing.

**FACTS/PROCEDURAL HISTORY**

A Beaufort County grand jury indicted Green for attempted murder, possession of a weapon during the commission of a violent crime, and possession of a firearm by a person previously convicted of a violent offense.  At trial, a jury acquitted Green of murder but convicted him of the lesser-included offense of assault and battery of a high and aggravated nature (ABHAN) and both weapon possession charges.  The trial court sentenced Green to fifteen years' imprisonment for ABHAN, five years' imprisonment for possession of a weapon during the commission of a violent crime, and two years' imprisonment for possession of a firearm by a person previously convicted of a violent crime.  This court affirmed Green's convictions on direct appeal.  *See State v. Green*, Op. No. 2015-UP-458 (S.C. Ct. App. filed September 16, 2015).

Green then filed an application for PCR, alleging nineteen errors.  While some claims are listed as "impeaching witness" and "miscellaneous," the claims are best summarized in Green's last amended application:

> 1.  Ineffective assistance [of] counsel appellate lawyer for not raising plain reversible error in direct appeals court.
> 2.  Ineffective assistance of counsel trial lawyer [for] failure to make a contemporaneous objection and properly [preserve] such claim for appellate review.
> 3.  Trial counsel performance during the sentencing phase was both unreasonable and prejudicial.
> 4.  Counsel failed to object on all possible grounds to inflammatory and irrelevant evidence [] by Judge and prosecution during trial.
> 5.  Counsel failed to investigate[,] develop[,] and present all available relevant and admissible mitigating evidence to court.
> 6.  Ineffective assistance [of] counsel trial lawyer for not showing that my [] 6,5,4,1,8,14, amendment right[s were] violated to the court.

Green also provided one page of handwritten detail about his motion for a speedy trial.

At the PCR hearing, the PCR court limited Green's ability to present his claims to "a Rule 11 basis."[1] The PCR court and PCR counsel went through Green's claims and the PCR court required PCR counsel to filter them through the lens of Rule 11. The PCR court stated "[P]ursuant to Rule 11 and by other grounds, what are his grounds? And we're going to go forward with that. I'm not going to let him just throw out anything and see if it sticks." PCR counsel noted that Green raised several grounds under the claim of ineffective assistance of counsel, a Fifth Amendment claim concerning speedy trial, prosecutorial misconduct, and a violation of the right to a fair trial. The PCR court then stated "pursuant to my requirements . . . under Rule 11, the only [ground] that we're proceeding on today is counsel failed to object to prejudicial hearsay."

The PCR court denied Green's PCR application, finding Green failed to "carry his burden regarding any of his allegations of ineffective assistance of counsel. . . . Additionally, prior to testimony being taken, [Green] proceeded on only [certain] grounds for relief as additional grounds were disallowed by [the PCR] court over [Green's] objections." Green filed a petition for writ of certiorari, and this court granted certiorari as to Questions 1 and 3.[2]

## ISSUE ON APPEAL

Did the PCR court err in relying on Rule 11, SCRCP to limit Green's PCR claims?

## STANDARD OF REVIEW

"Our standard of review in PCR cases depends on the specific issue before us." *Smalls v. State*, 422 S.C. 174, 180, 810 S.E.2d 836, 839 (2018). This court "review[s] questions of law de novo, with no deference to the [PCR] court." *Id.* at 180–181, 810 S.E.2d at 839. "The decision of the PCR judge may be reversed when it is controlled by an error of law." *Hiott v. State*, 381 S.C. 622, 625, 674 S.E.2d 491, 492 (2009).

## LAW/ANALYSIS

---

[1] Rule 11(a) states in relevant part that the signature of an attorney or party on court documents "constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay."

[2] Because Question 1 is dispositive, we do not consider Question 3.

Green argues he was not given the opportunity to prove his claims at the PCR hearing because the PCR court "prejudged his allegations and forced an arbitrary and irrelevant limitation" on his application under Rule 11. He argues he was not allowed to present evidence and testimony concerning multiple claims and therefore, the claims cannot be properly analyzed by this court. We agree.

Our supreme court has stated:

> Given the public policy considerations involved, including our recognition . . . that PCR actions are treated differently than traditional civil cases . . . as well as the fact that there are already limitations in place that serve to curb the potential abuse of the PCR process, *we hold that Rule 11 of the South Carolina Rules of Civil Procedure does not apply in PCR proceedings*.

*Hiott*, 381 S.C. at 629, 674 S.E.2d at 494–495 (emphasis added). The supreme court has further noted:

> Courts treat PCR differently than traditional civil cases. For example, PCR actions are the only type of case which this Court mandates appellate counsel must brief all arguable issues, despite counsel's belief the appeal is frivolous. A lawyer knowingly filing a frivolous claim in any other civil case violates Rule 11, SCRCP.

*Wade v. State*, 348 S.C. 255, 263, 559 S.E.2d 843, 847 (2002) (internal citations omitted).

PCR claims for ineffective assistance of counsel "raise[] a question of fact [that] could only be determined . . . by an evidentiary hearing." *Rogers v. State*, 261 S.C. 288, 291, 199 S.E. 2d 761, 762 (1973). "[S]ummary dismissal of a PCR application . . . without a hearing is appropriate only when it is apparent on the face of the application that (1) there is no need for a hearing to develop any facts and (2) the applicant is not entitled to relief." *Al-Shabazz v. State*, 338 S.C. 354, 364, 527 S.E.2d 742, 747 (2000). Moreover, rather than summarily dismiss a PCR application, the PCR court may "grant leave [for the PCR applicant] to file an amended [PCR] application or [may] direct that the proceedings otherwise continue." S.C. Code Ann. § 17-27-70(b) (2014).

Here, the PCR court improperly required Green's counsel to evaluate and effectively discard Green's claims under the limitations of Rule 11 before presenting them to the PCR court. When asked by the PCR court if Green had any other claims besides ineffective assistance of counsel for failing to object to prejudicial hearsay testimony, PCR counsel answered "if we are speaking in terms of Rule 11, I would have to say no." PCR counsel was not allowed to fully present Green's PCR claims. While Green's "miscellaneous" claim would not withstand review on the merits, other claims did not lend themselves to summary dismissal. The PCR court erred in using Rule 11 to justify the refusal to consider the merits of and hear testimony on Green's claims. *See Hiott*, 381 S.C. at 629, 674 S.E.2d at 494–495 (holding Rule 11 of the South Carolina Rules of Civil Procedure does not apply in PCR proceedings); *Wade*, 348 S.C. at 263, 559 S.E.2d at 847 (noting appellate counsel must brief all arguable issues in a PCR action, despite counsel's belief the appeal is frivolous). Therefore, the order of the PCR court is reversed and the case is remanded for a new PCR hearing.

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**