**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James A. Gardner, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000192

Appeal From Hampton County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2024-UP-066
Submitted February 1, 2024 – Filed February 28, 2024

**REVERSED AND REMANDED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Joshua Abraham Edwards, both of
Columbia, for Respondent.

**PER CURIAM:** James A. Gardner appeals the post-conviction relief (PCR)
court's order denying his application for PCR. On appeal, Gardner argues the PCR
court erred in (1) finding trial counsel was not ineffective for failing to request jury
instructions on lesser-included offenses and (2) relying on Rule 11 of the South

Carolina Rules of Civil Procedure to limit the number of issues he could present at the PCR hearing. We reverse and remand pursuant to Rule 220(b), SCACR.

We hold the PCR court erred in limiting the number of issues Gardner could present at the PCR hearing because Rule 11 does not apply to PCR actions and thus, the PCR court should have allowed Petitioner to present his other issues. *See Wade v. State*, 348 S.C. 255, 263, 559 S.E.2d 843, 847 (2002) ("Courts treat PCR differently than traditional civil cases."); *id.* (explaining "PCR actions are the only type of case which this [c]ourt mandates appellate counsel . . . brief all arguable issues, despite counsel's belief the appeal is frivolous" and stating a "lawyer knowingly filing a frivolous claim in any other civil case violates Rule 11"); *Hiott v. State*, 381 S.C. 622, 629, 674 S.E.2d 491, 494-95 (2009) (concluding "Rule 11 . . . does not apply in PCR proceedings"); Rule 11(a) ("The written or electronic signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief there is good ground to support it; and that it is not interposed for delay. . . . If a pleading, motion, or other paper is signed in violation of this Rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction . . . ."). Accordingly, we reverse and remand for a new PCR hearing.[1]

**REVERSED AND REMANDED.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] Because we hold the PCR court improperly limited the number of issues Petitioner could present at his original PCR hearing, we decline to address whether the PCR court erred in finding trial counsel was not ineffective for failing to request jury instructions on lesser-included offenses. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.